### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA
### COURT FILE NO.: _____

_____

GERALDINE JOHNSON,

                 Plaintiff,                             **COMPLAINT**

v.

                                            **JURY TRIAL DEMANDED**

COMMERCIAL RECOVERY SYSTEMS, INC.,
d/b/a CRS AND ASSOCIATES,

                 Defendant.

_____

### <u>INTRODUCTION</u>

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4.    The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6.    Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiff

7.    Plaintiff Geraldine Johnson (hereinafter "Plaintiff"), is a natural person residing in the County of Carlton, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. 1692k(a).

**Defendant**

8.      Defendant Commercial Recovery Systems, Inc. (hereinafter "Defendant"), is

a Texas corporation with its principal place of business located at 8035 East

RL Thornton Freeway, Suite 220, Dallas, TX 75228.

9.      Defendant is a "debt collector," as defined in Section 803(6) of the FDCPA,

15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

10.     Sometime prior to November 2012, upon information and belief, Plaintiff

incurred a financial obligation that upon information and belief was primarily

for personal, family or household purposes, and is therefore a "debt" as that

term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

11.     Sometime thereafter, the alleged debt was consigned, placed or otherwise

transferred to Defendant for collection.

**Defendant's November 27, 2012 Voicemail**

12.     On November 27, 2012, Plaintiff received a voicemail from Defendant

concerning the alleged debt. Defendant's voicemail is a "communication" as

that termed is defined by Section 803(2) of the FDCPA, 15 U.S.C. §

1692a(2).

13.     In Defendant's November 27, 2012 communication, an individual identifying

himself as "Kevin Rosenberg. . . the litigation coordinator for "CRS and

Associates" stated:

3

> I have here in my hands an affidavit of
> complaint filed by HSBC, Household Bank. . . .
> To discuss a judge's ruling on this case would
> be inevitable, but my recommendation being
> made to client is that we have finished findings
> and indications of a asset and liability
> investigation on yourself. There's been shown
> sufficient asset to warrant legal proceedings at
> this time. So naturally it would benefit you if
> litigation could be circumvented, but please if
> need be govern yourself accordingly. My
> number is toll free due to being out of state.
> 18002147868, extension 1068. I am in
> determinations. . . . Good luck to you.

14.   Defendant's voicemail is a "communication" as that term is defined by
Section 803(2) of the FDCPA, 15 U.S.C. § 1692a(2).

15.   Defendant's voicemail is the "initial communication" as that term is used by
Section 809 of the FDCPA, 15 U.S.C. 1692g.

**Violations of The Fair Debt Collection Practices Act**

16.   Defendant's voicemail did not meaningfully disclose the identity of the
caller, violating section 806 of the FDCPA, 15 U.S.C. § 1692d(6).

17.   Defendant's voicemail threatened legal action that, upon information and
belief, Defendant does not intend to take or cannot legally be taken, violating
Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(5).

18.   Defendant's voicemail communicated possession of "an affidavit of
complaint filed by HSBC" for which a "judge's ruling…would be
inevitable." To the extent Defendant's statement falsely represents possession
of a document authorized, issued or approved by any court, official or agency

4

of the United States or an individual state, Defendant is in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(9).

19. Defendant's voicemail communicated false, deceptive, or misleading information in an effort to collect the alleged debt, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(10).

20. Defendant's voicemail did not identify the caller as a debt collector nor that the call was being made for the purpose of collecting the alleged debt, violating section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(11).

21. Defendant's voicemail communicated possession of "an affidavit of complaint filed by HSBC" for which a "judge's ruling…would be inevitable." To the extent Defendant's statement represents the alleged document to be legal process, Defendant is in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(13).

22. Defendant's voicemail identified Defendant by a name other than the true name of the business, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(14).

23. Defendant did not send a 30 Day Validation Notice within five (5) days of the initial communication as required by Section 809 of the FDCPA, 15 U.S.C. § 1692g. Defendant is in violation of Section 809 of the FDCPA, 15 U.S.C. § 1692g.

## Actual Damages

24.   Plaintiff suffered actual damages under the FDCPA in the form of sleeplessness, fear of answering the telephone and door, nervousness, embarrassment when talking to or seeing friends and family, and negative impacts on personal and professional relationships.

## Respondeat Superior Liability

25.   The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

26.   The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

27.   By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

28.   Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

6

*Summary*

29.    The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

30.    Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

31.    Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

32.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.    The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

34.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3),

from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

35.   For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against

Defendant and for Plaintiff;

36.   For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against Defendant and for Plaintiff; and

37.   For an award of costs of litigation and reasonable attorney's fees pursuant to 15

U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Respectfully submitted,

Dated:  October 25, 2013          MARTINEAU, GONKO & VAVRECK, PLLC


  s/ Mark L. Vavreck                                   .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com